NO. 07-02-0356-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

DECEMBER 10, 2002

_____

ESAU RODRIGUEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 222ND DISTRICT COURT OF DEAF SMITH COUNTY;

NO. CR99K-099; HON. DAVID WESLEY GULLEY, PRESIDING

_____

Before QUINN, REAVIS and JOHNSON, JJ.

**ON ABATEMENT AND REMAND**

Appellant Esau Rodriguez appeals from a judgment convicting him of attempted sexual assault. The clerk's record is due in this cause, and an extension of the applicable deadline was sought. To justify the extension, the district clerk represented that appellant has failed to 1) file a written designation for the clerk's record, 2) file a written designation for the reporter's record and 3) pay or make arrangements to pay for the record. This is the second request filed by the district clerk. The first request was based on the same

reasons that are before us now. Nothing of record appears showing the appellant is indigent and entitled to a free record.

Accordingly, we now abate this appeal and remand the cause to the 222nd District Court of Deaf Smith County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.  whether appellant desires to prosecute the appeal;

2.  whether appellant is indigent; and,

3.  whether the appellant is entitled to a free appellate record due to his indigency.

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk's record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter's record transcribing the evidence and arguments presented at the aforementioned hearing. Additionally, the district court shall then file the supplemental record with the clerk of this court on or before January 10, 2003. Should further time be needed by the trial court to perform these tasks, then same must be requested before January 10, 2003.

It is so ordered.

Per Curiam

Do not publish.

2